BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00092-GEB-GGH |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $71,205.87 SEIZED FROM WELLS FARGO BUSINESS CHECKING ACCOUNT NUMBER 6938572341, HELD IN THE NAME OF SANSCO, and | |
| APPROXIMATELY $44,374.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about June 8, 2012, agents with the Internal Revenue Service – Criminal Investigation ("IRS") seized Approximately $71,205.87 from Wells Fargo Business Checking Account Number 6938572341, held in the name of SANSCO, pursuant to a Federal seizure warrant.  On or about June 11, 2012, agents with the Drug Enforcement Administration ("DEA") seized Approximately $44,374.00 in U.S. Currency pursuant to a federal search warrant (both amounts hereafter referred to as the "defendant funds").  The IRS and DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all

1

others.  On or about August 21, 2012, Nicholas Jason Street, Nancy Sopeany Pheng Street, and SANSCO filed claims in the administrative forfeiture proceedings with the IRS with respect to the $71,205.87.  On or about August 21, 2012, Nicholas Jason Street, Nancy Sopeany Pheng Street, and SANSCO filed claims in the administrative forfeiture proceedings with the DEA with respect to the $44,374.00.  On or about October 11, 2012, Suneet Agarwal, on behalf of SANSCO, filed a claim in the administrative forfeiture proceedings with the IRS with respect to the $71,205.87.

2. In this action only, Claimants do not dispute the United States' representation that it could show at a forfeiture trial the following: (a) that in 2012, DEA agents investigated El Camino Wellness Center, located at 2511 Connie Drive, Sacramento, California.  Suneet Agarwal and Nicholas Jason Street were owners of SANSCO, a California Corporation that owned El Camino Wellness Center, and Nancy Speany Pheng Street is Mr. Street's lawful wife; (b) that on or about June 8, 2012, federal agents executed search warrants at El Camino Wellness Center located at 2511 Connie Drive, in Sacramento, California, and found 174 marijuana plants, ten pounds of processed marijuana, and $44,374.00 in cash.

3. In this action only, Claimants do not dispute the United States' representation that it could also show at a forfeiture trial the following: (a) that in early June 2012, federal agents seized approximately $44,374.00 in cash from El Camino Wellness Center and approximately $71,205.87 from Wells Fargo Business Checking Account Number 6938572341, held in the name of SANSCO; (b) that the defendant funds held in SANSCO's Wells Fargo bank account were seized pursuant to a federal seizure warrant signed by Judge Dale A. Drozd, Magistrate Judge in the Eastern District of California; and (c) that the seizure warrant alleged that the defendant funds were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and 21 U.S.C. § 881(a)(6), as fully described in the affidavit's factual recitation, Case 2:12-SW-00309-DAD, ECF No. 1.

4. In this action only, Claimants do not dispute the United States' representation that it could show at a forfeiture trial that the defendant funds are forfeitable to the United

States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, Claimants specifically denying the same, and solely for the purpose of reaching an amicable resolution and compromise of this matter, Claimants do not dispute the United States' representation that an adequate factual basis exists to support forfeiture of the defendant funds, that Claimants are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Claimants shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. All right, title, and interest in defendants Approximately $71,205.87 seized from Wells Fargo Business Checking Account Number 6938572341, held in the name of SANSCO, and Approximately $44,374.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. The United States of America and its servants, agents, and employees and

all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds in this action only.  This is a full and final release in this action only applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

12. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.  The stipulated settlement covers only the forfeiture claims and has no impact on (i) the pending criminal investigation, (ii) any subsequent criminal prosecution and/or any defenses thereto, or (iii) the pending action for injunctive relief which is currently on appeal in the Ninth Circuit Court of Appeals (Ct. App. Case Nos. 12-15991, 12-55775 and No. 12-16710).

13. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:  November 7, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge